IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| BALMATEE HALIMAH AL HULAIS, | * |
| Plaintiff, | * |
| vs. | * Civil Action No. ADC-18-0118 |
| COMMISSIONER, SOCIAL SECURITY ADMINISTRATION,[1] | * |
| Defendant. | * |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM OPINION

On January 12, 2018, Balmatee Halimah Al Hulais ("Plaintiff") petitioned this Court to review the Social Security Administration's ("SSA") final decision to deny her claim for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI"). *See* ECF No. 1 ("the Complaint"). After consideration of the Complaint, the parties' cross-motions for summary judgment (ECF Nos. 16, 17), and the response thereto (ECF No. 18), the Court finds that no hearing is necessary. *See* Loc.R. 105.6 (D.Md. 2018). In addition, for the reasons that follow, Plaintiff's Motion for Summary Judgment (ECF No. 16) and Defendant's Motion for Summary Judgment (ECF No. 17) are DENIED, the decision of the SSA is REVERSED IN PART, and the case is REMANDED to the SSA for further analysis in accordance with this opinion.

### PROCEDURAL HISTORY

On November 18, 2014, Plaintiff filed a Title II application for DIB as well as a separate Title XVI application for SSI, which both alleged disability beginning on October 15, 2014. Her

---

[1] Currently, the position of Commissioner of the Social Security Administration is vacant, and most duties are fulfilled by Nancy A. Berryhill, Deputy Commissioner of Operations, performing the duties and functions not reserved to the Commissioner of Social Security.

1

claims were denied initially and upon reconsideration on March 12, 2015 and July 17, 2015, respectively. Subsequently, on August 7, 2015, Plaintiff filed a written request for a hearing and, on November 8, 2016, an Administrative Law Judge ("ALJ") presided over a video hearing. On January 12, 2017, the ALJ rendered a decision ruling that Plaintiff "ha[d] not been under a disability, as defined in the Social Security Act [(the "Act")], from October 15, 2014, through [January 12, 2017,] the date of this decision." ECF No. 10 at 38. Thereafter, Plaintiff filed an appeal of the ALJ's disability determination and, on November 14, 2017, the Appeals Council denied Plaintiff's request for review. Thus, the decision rendered by the ALJ became the final decision of the SSA. *See* 20 C.F.R. § 416.1481 (2018); *see also Sims v. Apfel*, 530 U.S. 103, 106–07 (2000).

On January 12, 2018, Plaintiff filed the Complaint in this Court seeking judicial review of the SSA's denial of her disability application. On August 28, 2018, Plaintiff filed a Motion for Summary Judgment, and Defendant filed a Motion for Summary Judgment on October 1, 2018. On October 23, 2018, Plaintiff responded to Defendant's motion.[2] This matter is now fully briefed and the Court has reviewed both parties' motions and the response thereto.

## STANDARD OF REVIEW

"This Court is authorized to review the [SSA]'s denial of benefits under 42 U.S.C.A. § 405(g)." *Johnson v. Barnhart*, 434 F.3d 650, 653 (4th Cir. 2005) (per curiam) (citation omitted). The Court, however, does not conduct a *de novo* review of the evidence. Instead, the Court's review of an SSA decision is deferential, as "[t]he findings of the [SSA] as to any fact, if supported by substantial evidence, shall be conclusive . . . ." 42 U.S.C. § 405(g); *see Smith v. Chater*, 99

---

[2] On November 9, 2018 in accordance with 28 U.S.C. § 636 and Local Rules 301 and 302 of the United States District Court for the District of Maryland and upon consent of the parties, this case was transferred to United States Magistrate Judge A. David Copperthite for all proceedings.

2

F.3d 635, 638 (4th Cir. 1996) ("The duty to resolve conflicts in the evidence rests with the ALJ, not with a reviewing court."); *Smith v. Schweiker*, 795 F.2d 343, 345 (4th Cir. 1986) ("We do not conduct a *de novo* review of the evidence, and the [SSA]'s finding of non-disability is to be upheld, even if the court disagrees, so long as it is supported by substantial evidence." (citations omitted)). Therefore, the issue before the reviewing court is not whether the plaintiff is disabled, but whether the ALJ's finding that the plaintiff is not disabled is supported by substantial evidence and was reached based upon a correct application of the relevant law. *Brown v. Comm'r Soc. Sec. Admin.*, 873 F.3d 251, 267 (4th Cir. 2017) ("[A] reviewing court must uphold the [disability] determination when an ALJ has applied correct legal standards and the ALJ's factual findings are supported by substantial evidence." (citation and internal quotation marks omitted)).

"Substantial evidence is that which a reasonable mind might accept as adequate to support a conclusion. It consists of more than a mere scintilla of evidence but may be less than a preponderance." *Pearson v. Colvin*, 810 F.3d 204, 207 (4th Cir. 2015) (internal citations and quotation marks omitted). "In reviewing for substantial evidence, we do not undertake to reweigh conflicting evidence, make credibility determinations, or substitute our judgment for that of the ALJ. Where conflicting evidence allows reasonable minds to differ as to whether a claimant is disabled, the responsibility for that decision falls on the ALJ." *Hancock v. Astrue*, 667 F.3d 470, 472 (4th Cir. 2012) (internal citations and quotation marks omitted). Therefore, in conducting the "substantial evidence" inquiry, the court shall determine whether the ALJ has considered all relevant evidence and sufficiently explained the weight accorded to that evidence. *Sterling Smokeless Coal Co. v. Akers*, 131 F.3d 438, 439–40 (4th Cir. 1997).

## DISABILITY DETERMINATIONS AND BURDEN OF PROOF

In order to be eligible for DIB and SSI, a claimant must establish that she is under disability within the meaning of the Act. The term "disability," for purposes of the Act, is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A); 20 C.F.R. §§ 404.1505(a), 416.905(a). A claimant shall be determined to be under disability where "[her] physical or mental impairment or impairments are of such severity that [s]he is not only unable to do [her] previous work but cannot, considering [her] age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy[.]" 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B).

In determining whether a claimant has a disability within the meaning of the Act, the ALJ, acting on behalf of the SSA, follows the five-step evaluation process outlined in the Code of Federal Regulations. 20 C.F.R. §§ 404.1520, 416.920; *see Mascio v. Colvin*, 780 F.3d 632, 634–35 (4th Cir. 2015). The evaluation process is sequential, meaning that "[i]f at any step a finding of disability or nondisability can be made, the SSA will not review the claim further." *Barnhart v. Thomas*, 540 U.S. 20, 24 (2003); *see* 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4).

At step one, the ALJ considers the claimant's work activity to determine if the claimant is engaged in "substantial gainful activity." 20 C.F.R. §§ 404.1520(a)(4)(i), 416.920(a)(4)(i). If the claimant is engaged in "substantial gainful activity," then the claimant is not disabled. 20 C.F.R. §§ 404.1520(a)(4)(i), 404.1520(b), 416.920(a)(4)(i), 416.920(b).

At step two, the ALJ considers whether the claimant has a "severe medically determinable physical or mental impairment [or combination of impairments] that meets the duration

4

requirement[.]" 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii). If the claimant does not have a severe impairment or combination of impairments meeting the durational requirement of twelve months, then the claimant is not disabled. 20 C.F.R. §§ 404.1520(a)(4)(ii), 404.1520(c), 416.909, 416.920(a)(4)(ii), 416.920(c).

At step three, the ALJ considers whether the claimant's impairments, either individually or in combination, meet or medically equal one of the presumptively disabling impairments listed in the Code of Federal Regulations. 20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii). If the impairment meets or equals one of the listed impairments, then the claimant is considered disabled, regardless of the claimant's age, education, and work experience. 20 C.F.R. §§ 404.1520(a)(4)(iii), 404.1520(d), 416.920(a)(4)(iii), 416.920(d); *see Radford v. Colvin*, 734 F.3d 288, 291 (4th Cir. 2013).

Prior to advancing to step four of the sequential evaluation, the ALJ must assess the claimant's residual functional capacity ("RFC"), which is then used at the fourth and fifth steps of the analysis. 20 C.F.R. §§ 404.1520(e), 416.920(e). RFC is an assessment of an individual's ability to do sustained work-related physical and mental activities in a work setting on a regular and continuing basis. SSR 96-8p, 1996 WL 374184, at *1 (July 2, 1996). The ALJ must consider even those impairments that are not "severe." 20 C.F.R. § 404.1545(a)(2).

In determining RFC, the ALJ evaluates the claimant's subjective symptoms (e.g., allegations of pain) using a two-part test. *Craig v. Chater*, 76 F.3d 585, 594 (4th Cir. 1996); 20 C.F.R. § 404.1529. First, the ALJ must determine whether objective evidence shows the existence of a medical impairment that could reasonably be expected to produce the actual alleged symptoms. 20 C.F.R. § 404.1529(b). Once the claimant makes that threshold showing, the ALJ must evaluate the extent to which the symptoms limit the claimant's capacity to work. 20 C.F.R.

§ 404.1529(c)(1). At this second stage, the ALJ must consider all of the available evidence, including medical history, objective medical evidence, and statements by the claimant. 20 C.F.R. § 404.1529(c). The ALJ must assess the credibility of the claimant's statements, as symptoms can sometimes manifest at a greater level of severity of impairment than is shown by solely objective medical evidence. SSR 16-3p, 2017 WL 5180304, at *2–13 (Oct. 25, 2017). To assess credibility, the ALJ should consider factors such as the claimant's daily activities, treatments she has received for her symptoms, medications, and any other factors contributing to functional limitations. *Id.* at *6–8.

At step four, the ALJ considers whether the claimant has the ability to perform past relevant work based on the determined RFC. 20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv). If the claimant can still perform past relevant work, then the claimant is not disabled. 20 C.F.R. §§ 404.1520(a)(4)(iv), 404.1520(f), 416.920(a)(4)(iv), 416.920(f).

Where the claimant is unable to resume past relevant work, the ALJ proceeds to the fifth and final step of the sequential analysis. During steps one through four of the evaluation, the claimant has the burden of proof. 20 C.F.R. §§ 404.1520, 416.920; *see Bowen v. Yuckert*, 482 U.S. 137, 146 (1987); *Radford*, 734 F.3d at 291. At step five, however, the burden of proof shifts to the ALJ to prove: (1) that there is other work that the claimant can do, given the claimant's age, education, work experience, and RFC (as determined at step four), and; (2) that such alternative work exists in significant numbers in the national economy. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v); *see Hancock*, 667 F.3d at 472–73; *Walls v. Barnhart*, 296 F.3d 287, 290 (4th Cir. 2002). If the claimant can perform other work that exists in significant numbers in the national economy, then the claimant is not disabled. 20 C.F.R. §§ 404.1520(a)(4)(v), 404.1520(g)(1),

404.1560(c), 416.920(a)(4)(v). If the claimant cannot perform other work, then the claimant is disabled. *Id.*

## ALJ DETERMINATION

In the instant matter, the ALJ performed the sequential evaluation and found at step one that Plaintiff had not engaged in substantial gainful activity since the alleged onset date of October 15, 2014. ECF No. 10 at 30. At step two, the ALJ found that Plaintiff had the severe impairments of "degenerative disc disease, bilateral frozen shoulders, diabetes mellitus, and depressive disorder." *Id.* At step three, the ALJ determined that Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments in 20 C.F.R. pt. 404, subpt. P, app. 1. *Id.* at 31. At step four, the ALJ determined that Plaintiff had the RFC:

> to perform light work as defined in 20 CFR 404.1567(b) and 416.967(b), except [Plaintiff] can lift and carry twenty pounds occasionally and ten pounds frequently; stand and walk for four out of eight hours; and sit for six out of eight hours. [Plaintiff] can occasionally climb stairs, balance, stoop, kneel, crouch, and crawl, but cannot climb ladders. She can occasionally reach overhead. She requires the option to stand for thirty to forty minutes and sit for ten to fifteen minutes throughout the workday. [Plaintiff] cannot have concentrated exposure to vibration and cannot have any exposure to hazards. [Plaintiff] can perform simple, routine tasks and can have frequent contact with supervisors, coworkers and the public. [Plaintiff] is limited to low stress work defined as occasional decisionmaking and occasional changes in work setting.

*Id.* at 32–33. The ALJ then determined that Plaintiff had past relevant work as a nurse assistant, convenience store manager, and dialysis technician, but that she is unable to perform such work. *Id.* at 36–37. Finally, at step five, the ALJ found that, "[c]onsidering [Plaintiff]'s age, education, work experience, and [RFC], there are jobs that exist in significant numbers in the national economy that [Plaintiff] can perform." *Id.* at 37. Thus, the ALJ concluded that Plaintiff "ha[d]

7

not been under a disability, as defined in the [Act], from October 15, 2014, through [January 12, 2017,] the date of this decision." *Id.* at 38.

## DISCUSSION

Plaintiff raises two allegations of error on appeal: (1) that the ALJ improperly accounted for Plaintiff's moderate difficulties in concentration, persistence, or pace in the RFC finding; and (2) that the ALJ failed to properly evaluate whether Plaintiff's impairments met or equaled Listing 1.04A. The Court agrees with Plaintiff's first argument, but Plaintiff's second argument lacks merit. Each alleged error is addressed below.

### A. The ALJ's RFC Determination Improperly Accounted For Plaintiff's Moderate Difficulties With Concentration, Persistence, Or Pace.

Plaintiff first contends that the ALJ's RFC assessment failed to adequately account for her moderate difficulties in concentration, persistence, or pace in violation of *Mascio v. Colvin*, 780 F.3d 632 (4th Cir. 2015). ECF No. 16-1 at 9–16. Specifically, Plaintiff argues that the ALJ did not include a limitation to account for Plaintiff's moderate difficulties by merely stating that Plaintiff "can perform simple, routine tasks" and that the ALJ failed to explain why including a limitation was unnecessary. *Id.* at 13–16 (record citation and internal quotation marks omitted). The Court agrees.

At step three of the sequential evaluation, the ALJ must determine whether the claimant's impairments meet or equal one or more of the impairments listed in 20 C.F.R. pt. 404, subpt. P, app. 1. Listings 12.00 *et seq.* pertain to mental impairments. 20 C.F.R. pt. 404, subpt. P, app. 1, 12.00. "Each [L]isting therein, consists of: (1) a brief statement describing its subject disorder; (2) 'paragraph A criteria,' which consists of a set of medical findings; and (3) 'paragraph B criteria,' which consists of a set of impairment-related functional limitations." *Rayman v. Comm'r, Soc. Sec. Admin.*, No. SAG-14-3102, 2015 WL 6870053, at *2 (D.Md. Nov. 6, 2015) (citing 20 C.F.R.

pt. 404, subpt. P, app. 1, 12.00(A)). If the paragraph A and paragraph B criteria are satisfied, the ALJ will find that the claimant meets the listed impairment. *Id.*

Paragraph B provides the functional criteria assessed by the ALJ and consists of four broad functional areas: (1) activities of daily living; (2) social functioning; (3) concentration, persistence, or pace; and (4) episodes of decompensation. 20 C.F.R. pt. 404, subpt. P, app. 1, 12.00(A)(2)(b). The ALJ employs a "special technique" to rate the degree of a claimant's functional limitations in these areas. 20 C.F.R. §§ 404.1520a(b), 416.920a(b). The ALJ's evaluation must determine "the extent to which [the claimant's] impairment(s) interferes with [the] ability to function independently, appropriately, effectively, and on a sustained basis" and must include a specific finding as to the degree of limitation in each of the four functional areas. 20 C.F.R. §§ 404.1520a(c), 416.920a(c). The ALJ uses a five-point scale to rate a claimant's degree of limitation in the first three areas: none, mild, moderate, marked, and extreme. 20 C.F.R. §§ 404.1520a(c)(4), 416.920a(c)(4). "To satisfy the paragraph B criteria, [a claimant's] mental disorder must result in 'extreme' limitation of one, or 'marked' limitation of two, of the four areas of mental functioning." 20 C.F.R. pt. 404, subpt. P, app. 1, 12.00(A)(2)(b).

The functional area of concentration, persistence, or pace "refers to the abilities to focus attention on work activities and stay on task at a sustained rate." 20 C.F.R. pt. 404, subpt. P, app. 1, 12.00(E)(3). According to the regulations, examples of the ability to focus attention and stay on task include:

> Initiating and performing a task that [the claimant] understand[s] and know[s] how to do; working at an appropriate and consistent pace; completing tasks in a timely manner; ignoring or avoiding distractions while working; changing activities or work settings without being disruptive; working close to or with others without interrupting or distracting them; sustaining an ordinary routine and regular attendance at work; and working a full day without needing

9

> more than the allotted number or length of rest periods during the day.

*Id.*

In *Mascio*, the United States Court of Appeals for the Fourth Circuit determined that remand was appropriate for three distinct reasons, including the inadequacy of the ALJ's evaluation of "moderate difficulties" in concentration, persistence, or pace. 780 F.3d at 638. Specifically, the Fourth Circuit recognized a difference between the ability to perform simple tasks and the ability to stay on task, stating that the latter ability concerns the broad functional area of concentration, persistence, or pace. *Id.* Although the Fourth Circuit noted that the ALJ's error might have been cured by an explanation as to why the claimant's moderate difficulties in concentration, persistence, or pace did not translate into a limitation in the claimant's RFC, it held that absent such an explanation, remand was necessary. *Id.*; *see also Carr v. Colvin*, No. TMD 15-685, 2016 WL 4662341, at *10 (D.Md. Sept. 7, 2016) (remanding for the ALJ to "determine on a function-by-function basis how Plaintiff's impairments affect his ability to work for a full workday").

Here, the ALJ's RFC assessment did not properly account for Plaintiff's difficulties in concentration, persistence, or pace. At step three of the sequential evaluation, the ALJ determined that "[w]ith regard to concentration, persistence or pace, [Plaintiff] has moderate difficulties," and further explained that:

> [Plaintiff] testified that she experiences problems with her memory. Dr. Phillips indicated that [Plaintiff] recalled only two of three words at a delay and could not perform serial sevens. However, [Plaintiff] had apparently normal judgment and no flight of ideas in March 2015. [Plaintiff] also displayed normal cognition and good insight in January 2016.

ECF No. 10 at 32 (internal record citations omitted).

10

The ALJ then limited Plaintiff's RFC, in pertinent part, stating that Plaintiff "can perform simple, routine tasks and can have frequent contact with supervisors, coworkers and the public. [Plaintiff] is limited to low stress work defined as occasional decisionmaking and occasional changes in work setting." *Id.* at 33. The latter portion of this RFC finding imposes a restriction that corresponds with the ALJ's finding of moderate difficulties in social functioning, not concentration, persistence, or pace. *See Henry v. Berryhill*, No. BPG-17-57, 2018 WL 558839, at *3 (D.Md. Jan. 25, 2018). Thus, there is no restriction for the ALJ's findings of moderate difficulties in concentration, persistence, or pace. *See Bey v. Berryhill*, No. CBD-17-2292, 2018 WL 3416944, at *3–4 (D.Md. July 12, 2018) (determining that an RFC which limited the claimant "to simple, routine tasks and occasional contact with supervisors, coworkers, and the public" and "low stress work, defined as occasional decisionmaking and occasional changes in the work setting" failed to account for the claimant's moderate limitations in concentration, persistence, or pace (record citation omitted)); *Mims v. Berryhill*, No TMD 16-2813, 2017 WL 3704615, at *7 (D.Md. Aug. 28, 2017) (determining that an "RFC assessment limiting Plaintiff to 'a low stress job defined as occasional interaction with the public, co-workers, or supervisors' d[id] not account for Plaintiff's moderate difficulties in maintaining concentration, persistence, or pace" (internal record citation omitted)); *McDonald v. Comm'r, Soc. Sec. Admin.*, No. SAG-16-3041, 2017 WL 3037554, at *4 (D.Md. July 18, 2017) (concluding that "there [wa]s no corresponding restriction for the finding of moderate difficulties in concentration, persistence, or pace, such that it addresse[d the claimant's] ability to sustain work throughout an eight-hour workday" where "the ALJ imposed a RFC restriction that [the claimant could] perform 'simple, routine, and repetitive tasks involving only simple work-related decisions with few if any workplace changes and only occasional supervision'" (record citation omitted)). The ALJ noted Plaintiff's difficulties in this

area in her opinion and explicitly acknowledged evidence that Plaintiff has difficulties maintaining concentration, persistence, or pace. ECF No. 10 at 32, 35, 36; *see also Martin v. Comm'r, Soc. Sec. Admin.*, No. SAG-15-335, 2015 WL 7295593, at *3 (D. Md. Nov. 18, 2015) (remanding case after the ALJ discussed evidence pertaining to the claimant's difficulties in concentration, persistence, or pace but then did not offer a restriction corresponding to the limitation nor did the ALJ justify the lack of restriction given).

"As the Fourth Circuit mandates under *Mascio*, 'once an ALJ had made a step three finding that a claimant suffers from moderate difficulties in concentration, persistence, or pace, the ALJ must either include a corresponding limitation in her RFC assessment, or explain why no such limitation is necessary.'" *Henry*, 2018 WL 558839, at *3 (citation omitted). "Without providing further analysis of plaintiff's mental limitations, highlighting medical evidence refuting the severity of the limitation, or otherwise discussing why a restriction pertaining to concentration, persistence, or pace is not needed in the case, this court cannot perform an adequate review." *Id.* Because the ALJ neither included a proper limitation in her RFC assessment nor explained why such a limitation was unnecessary in this case, the Court must remand the case to the SSA for further analysis consistent with *Mascio*.

### B. Substantial Evidence Supports The ALJ's Determination That Plaintiff Does Not Meeting A Listing.

Plaintiff's final argument alleges that the ALJ erred at step three of the sequential evaluation by improperly evaluating whether Plaintiff's spine impairments met or equaled Listing 1.04A, outlined in 20 C.F.R. pt. 404, subpt. P, app. 1. ECF No. 16-1 at 16–24. Specifically, Plaintiff contends that "the ALJ erred in her analysis of Listing 1.04A by invoking a heightened burden of proof" found in Social Security Acquiescence Ruling 15-1(4) that is inapplicable to claimants residing within the jurisdiction of the Fourth Circuit. *Id.* at 20–21. The Court disagrees.

At step three of the sequential evaluation, the ALJ must determine whether the claimant's impairments meet or equal one or more of the impairments listed in 20 C.F.R. pt. 404, subpt. P, app. 1. Where a claimant can show that her condition "meets or equals the listed impairments," the claimant is entitled to a conclusive presumption that she is disabled within the meaning of the Act. *Bowen v. City of New York*, 476 U.S. 467, 471 (1986); *see McNunis v. Califano*, 605 F.2d 743, 744 (4th Cir. 1979) (stating that the listings, if met, are "conclusive on the issue of disability"). The burden of proof is on the claimant to show that she meets *all* of the specified medical criteria. *Sullivan v. Zebley*, 493 U.S. 521, 530 (1990).

"In evaluating a claimant's impairment, an ALJ must fully analyze whether a claimant's impairment meets or equals a 'Listing' where there is factual support that a listing could be met." *Huntington v. Apfel*, 101 F.Supp.2d 384, 390 (D.Md. 2000) (citing *Cook v. Heckler*, 783 F.2d 1168, 1172 (4th Cir. 1986)). However, "[u]nder *Cook*, the duty of identification of relevant listed impairments and comparison of symptoms to Listing criteria is only triggered if there is ample evidence in the record to support a determination that the claimant's impairment meets or equals one of the listed impairments." *Ketcher v. Apfel*, 68 F.Supp.2d 629, 645 (D.Md. 1999). "Neither the Social Security law nor logic commands an ALJ to discuss all or any of the listed impairments without some significant indication in the record that the claimant suffers from that impairment." *Id.* On the other hand, "[a] necessary predicate to engaging in substantial evidence review is a record of the basis for the ALJ's ruling. The record should include a discussion of which evidence the ALJ found credible and why, and specific application of the pertinent legal requirements to the record evidence." *Radford*, 734 F.3d at 295 (internal citations omitted).

Remand is appropriate where the "ALJ's opinion failed to apply the requirements of the listings to the medical record." *Id.* at 292; *Fox v. Colvin*, 632 F.App'x 750, 755–56 (4th Cir. 2015)

13

(holding that the ALJ's conclusory and perfunctory analysis at step three necessitated remand). In evaluating whether an ALJ's listing comparison was proper, however, the Court is not confined to the ALJ's analysis at step three and instead must consider the reasoning provided by the ALJ in the decision in its entirety. *See Schoofield v. Barnhart*, 220 F.Supp.2d 512, 522 (D.Md. 2002) (holding remand is not warranted "where it is clear from the record which [Listing] . . . w[as] considered, and there is elsewhere in the ALJ's opinion an equivalent discussion of the medical evidence relevant to the [s]tep [t]hree analysis which allows [the reviewing c]ourt readily to determine whether there was substantial evidence to support the ALJ's [s]tep [t]hree conclusion").

Listing 1.04A states:

> 1.04 Disorders of the spine (e.g., herniated nucleus pulposus, spinal arachnoiditis, spinal stenosis, osteoarthritis, degenerative disc disease, facet arthritis, vertebral fracture), resulting in compromise of a nerve root (including the cauda equina) or the spinal cord. With:
>
> A. Evidence of nerve root compression characterized by neuro-anatomic distribution of pain, limitation of motion of the spine, motor loss (atrophy with associated muscle weakness or muscle weakness) accompanied by sensory or reflex loss and, if there is involvement of the lower back, positive straight-leg raising test (sitting and supine)[.]

20 C.F.R. pt. 404, subpt. P, app. 1, 1.04A. In other words, a claimant must demonstrate that she meets all four requirements of Listing 1.04A for an ALJ to make a finding that her impairment meets or equals the listed impairment. *See Sullivan*, 493 U.S. at 530.

During her step three analysis, the ALJ explained why Plaintiff failed to meet the requirements of Listing 1.04A:

> I have also considered whether [Plaintiff]'s degenerative disc disease meets or medically equals Listing 1.04. I have considered [Plaintiff]'s entire medical record as required by Acquiescence Ruling (AR) 15-1(4). However, the medical evidence does not indicate consistent reduction of range of motion, muscle strength, and sensory or reflex function sufficient to meet the listing. Imaging

> of [Plaintiff]'s back does not show any signs of spinal arachnoiditis, as required to meet Listing 1.04. In addition, [Plaintiff] testified that she does not use a cane to ambulate, suggesting that she retains the ability to ambulate effectively. Accordingly, [Plaintiff]'s back impairment does not meet the criteria of any listing.

ECF No. 10 at 31 (internal record citations omitted).

Plaintiff contends that the ALJ misapplied the standard for meeting Listing 1.04A set forth in Social Security Acquiescence Ruling 15-1(4) by requiring "consistent" evidence of impairments. ECF No. 16-1 at 20–21. Acquiescence Ruling 15-1(4) explains how the SSA applies the holding in *Radford v. Colvin*, 734 F.3d 288 (4th Cir. 2013), regarding the appropriate standard for claimants to meet Listing 1.04A. 80 Fed. Reg. 57,418-02 (Sept. 23, 2015), 2015 WL 5564523, at *57,418. The ruling provides in pertinent part:

> In [the Fourth Circuit], in deciding whether a claimant's severe medically determinable disorder of the spine meets listing 1.04A, adjudicators will not require that all of the medical criteria in paragraph A appear simultaneously or in particularly close proximity. Rather, adjudicators will engage in what the court of appeals described as "a more free-form, contextual inquiry that makes 12 months the relevant metric for the assessment of the claimant's duration of disability."
>
> Adjudicators will decide whether the evidence shows that all of the medical criteria in paragraph A are present within a continuous 12-month period (or, if there is less than 12 months of evidence in the record, that all the medical criteria are present and are expected to continue to be present). If all of the medical criteria are not present within a continuous 12-month period, adjudicators will determine that the disorder of the spine did not meet the listing.

*Id.* at *57,420.

Here, any error in the ALJ's use of the word "consistent" was harmless because her analysis at step four indicates that at least one of the required criteria for Listing 1.04A was not met. *See Ngarurih v. Ashcroft*, 371 F.3d 182, 190 n.8 (4th Cir. 2004) ("While the general rule is that an administrative order cannot be upheld unless the grounds upon which the agency acted in

exercising its powers were those upon which its action can be sustained, reversal is not required when the alleged error clearly had no bearing on the procedure used or the substance of the decision reached." (internal citations and quotation marks omitted)); *Allen v. Barnhart*, 357 F.3d 1140, 1145 (10th Cir. 2004) (noting that the principle of harmless error applies to Social Security disability cases). At step four, the ALJ stated:

> In terms of [Plaintiff]'s alleged back pain, imaging of [Plaintiff]'s spine showed some small disc protrusions, with slight effacement of the left nerve root. Treatment records indicate spinal tenderness and positive straight leg raises bilaterally in November 2014. Pain management records also indicated positive straight leg raises and an antalgic gait in February 2015. [Plaintiff] also had limping and reduced range of motion in April 2016. Examination also indicated some moderate back spasms and limited range of motion in September 2015. However, [Plaintiff] had intact sensation, reflexes, and strength in October 2016. Examination also indicated full strength with minimal loss of sensation in the left lower extremity. Pain management providers indicated generally intact range of motion in the spine, with eighty degrees of flexion and thirty-five degrees of extension, in February 2015. . . .

ECF No. 10 at 34 (internal record citations omitted).

In this discussion of Plaintiff's relevant medical evidence, the ALJ cited to substantial evidence in the record demonstrating that Plaintiff did not meet all of the requirements for Listing 1.04A. Specifically, the ALJ referenced a 2015 examination in which Plaintiff exhibited full strength with intact sensation and only "minimally altered sensation" in the left lower extremity. *Id.* (citing ECF No. 10 at 496). The ALJ also noted that Plaintiff "had intact sensation, reflexes, and strength in October 2016." *Id.* Such evidence indicates that the Listing 1.04A requirement of motor loss accompanied by sensory or reflex loss was not met. Therefore, in light of the evidence in the medical record demonstrating that Plaintiff did not meet the requirements for motor loss accompanied by sensory or reflex loss, the Court concludes that substantial evidence supports the ALJ's finding that Plaintiff's impairments do not meet or equal Listing 1.04A.

## CONCLUSION

In summation, the Court finds that the ALJ improperly found that Plaintiff was "not disabled" within the meaning of the Act from October 15, 2014 through the date of the ALJ's decision. Pursuant to sentence four of 42 U.S.C. § 405(g), the SSA's judgment is REVERSED IN PART due to inadequate analysis. Therefore, based on the foregoing, Plaintiff's Motion for Summary Judgment (ECF No. 16) is DENIED, Defendant's Motion for Summary Judgment (ECF No. 17) is DENIED, and the decision of the SSA is REMANDED for further proceedings in accordance with this opinion. In so holding, the Court expresses no opinion as to the ALJ's ultimate disability determination. The clerk is directed to CLOSE this case.

Date: 20 December 2018

A. David Copperthite
United States Magistrate Judge